THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS


November 15, 1950

Hon. A. C. Winborn
District Attorney
Harris County
Houston, Texas

Opinion No. V-1120.

Re: Proper form for citations in
delinquent personal property
tax suits.

Dear Sir:

You request the opinion of this office upon two questions stated as follows:

"Question No. 1. Must the citation in personal property tax suits describe the property upon which the tax is assessed by particular classification, rather than in general terms?

"Question No. 2. Must the citation set forth each year, with the amount of tax for the year, rather than setting out the years (as 1941 to 1949), together with the total sum of taxes sued upon?"

Rule 117a of the Rules of Civil Procedure, which was promulgated by order of August 18, 1947 and became effective December 31, 1947, controls the form of citation in delinquent tax suits. Rule 2, in defining the scope of the rules, specifically provides that Rule 117a shall control with respect to citations in tax suits.

Subdivision 4 of Rule 117a provides in part as follows:

"The statement of the nature of the suit, to be set out in the citation, shall be sufficient if it contains a brief general description of the property upon which the taxes are due and the amount of such taxes, exclusive of interest, penalties, and costs, . . . "

Subdivision 6 of Rule 117a provides a form of citation by personal service either in or out of the State and reads as follows:

"The form of citation for personal service shall be sufficient if it is in substantially the following form, with proper changes to make the same applicable to personal property, where necessary, and if the suit includes or is for the recovery of taxes assessed on personal property, a general description of such personal property shall be sufficient:

"THE STATE OF TEXAS

To . . . . . . . . . . . . . . . . . . . . . . . . , Defendant . . ,
GREETING:

"YOU ARE HEREBY COMMANDED to appear
and answer before the Honorable District Court, . . .
Judicial District, . . . . . . . . . County, Texas, at the
Courthouse of said county in . . . . . . . . , Texas, at
or before 10 o'clock a. m. of the Monday next after the
expiration of 20 days from the date of service of this
citation, then and there to answer the petition of . . .
. . . . . . , Plaintiff, filed in said Court on the . . . day
of . . . . . . . , A. D., 19 . . , against . . . . . . . . . . ,
Defendant . . , said suit being number . . . . . . on the
docket of said Court, the nature of which demand is a
suit to collect delinquent ad valorem taxes on the prop-
erty hereinafter described.

"The amount of taxes due Plaintiff, exclusive of
interest, penalties, and costs, is the sum of $ . . . . . ,
said property being described as follows, to-wit: . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

(Then follow certain additional clauses not mate-
rial to the questions at hand.)

You will note that both subdivisions 4 and 6 of Rule 117a
state that a general description of the personal property shall be
sufficient, and that the form given in subdivision 6 does not provide
a statement as to any year or years that taxes are delinquent upon
the personal property and does not provide for the setting out of the
amount due for any particular year. We therefore answer both your
questions in the negative.

## SUMMARY

Citations in personal property tax suits need
only describe the property in general terms and need
not set forth the year or years that the taxes are de-
linquent. Rule 117a, Rules of Civil Procedure.

Yours very truly,

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

WVG/mwb

PRICE DANIEL
Attorney General

By W. V. Geppert
W. V. Geppert
Assistant